# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Michael Hendrix, Individually and as Personal Representative of the Estate of Amy Sue Hendrix, ) ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 3:15-cv-01173-JMC |
| v. ) ) | **ORDER** |
| Resource Real Estate Management, Inc., d/b/a Resource Residential[1] and Unum Life Insurance Company of America,[2] ) ) ) ) ) ) | |
| Defendants. ) ) | |

This matter is before the court for a review of Defendant Unum Life Insurance Company of America's ("Unum") Motion and Memorandum in Support of ERISA Preemption (ECF Nos. 13, 13-1) pursuant to this court's ERISA Specialized Case Management Order of March 12, 2015 (ECF No. 5).[3]  Plaintiff Michael Hendrix ("Plaintiff") filed a Response in Opposition to Defendant's Motion, (ECF No. 16), to which Defendant filed a Reply (ECF No. 17).  For the reasons explained below, this court finds that ERISA governs Plaintiff's causes of action, that ERISA preempts Plaintiff's causes of action, and that removal to federal court was proper.  Defendants' Motion (ECF No. 13) therefore is **GRANTED**.

---

[1] Plaintiff improperly refers to Defendant as "Resource Residential" in its Complaint.  (ECF 1-1 at 7.)  This Defendant corrected its name in its Answer (ECF No. 6) filed March 19, 2015.

[2] Plaintiff improperly refers to Defendant as "Unum Insurance" in its Complaint.  (ECF 1-1 at 7.) This Defendant corrected its name in its Answer (ECF No. 3) filed March 12, 2015.

[3] Defendant Resource Real Estate Management, Inc., d/b/a Resource Residential ("Resource Residential") joins in Defendant Unum's Motion.  (ECF No. 15.)

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Michael Hendrix, Individually and as Personal Representative of the Estate of Amy Sue Hendrix, filed suit in the Court of Common Pleas for Lexington County alleging causes of action for breach of contract, bad faith failure to pay insurance benefits, liability for attorney's fees under S.C. Code Ann. § 38-59-40 (2015), liability for attorneys' fees under S.C. Code Ann. § 38-63-90 (2015), and negligence and recklessness.

Plaintiff alleges in his Complaint that he applied for a life insurance policy from Defendant Resource Residential and paid for the policy with paycheck deductions. (ECF 1-1 at 7–8.) Plaintiff states that Defendant Unum eventually issued the policy, for which he was a listed beneficiary. (*Id.*) Plaintiff explains that Defendant Resource Residential's premium deduction created a binding insurance contract, as did Defendant Unum's issuance of the policy. (*Id.*)

When the policy decedent died, Plaintiff submitted a claim to Defendants, who denied coverage. (*Id.*) After Plaintiff sued in state court to recover under the policy, Defendants removed the case to this federal court on March 12, 2015. (ECF No. 1.) Defendants, supporting its claim for removal, argue that this case is a civil action concerning the laws of the United States—specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 88 Stat. 829, as amended, 29 U.S.C. § 1001 *et seq.* (2012). (ECF Nos. 1, 13-1 at 2.) Defendants argue, alternatively, that the action is one appropriate before the court under diversity jurisdiction. (*Id.*)

On April 15, 2015, Plaintiff responded to the Court's Specialized Case Management Interrogatories and took the position that ERISA does not preempt his state law causes of action. (ECF No. 11.) Defendant Unum filed a Motion and Memorandum in Support of ERISA Preemption (ECF Nos. 13, 13-1) now before this court. Plaintiff Michael Hendrix ("Plaintiff")

filed a Response in Opposition to Defendant's Motion (ECF No. 16), to which Defendant then filed a Reply (ECF No. 17).

The primary issue before the court is whether ERISA governs the policy such that removal was proper and Plaintiff's state law causes of action are preempted.

## II.  LEGAL STANDARD

*A.  ERISA Coverage*

ERISA applies to employee benefit plans that an employer "engaged in commerce or in any industry or activity affecting commerce" establishes or maintains.  29 U.S.C. § 1003(a) (2012). ERISA defines a benefit plan as:

> Any plan, fund, or program which was heretofore or is hereinafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise (a) medical, surgical, or hospital care or benefits . . .

(*Id.*)  In *Custer v. Pan American Life Ins. Co.*, 12 F.3d 410 (4th Cir. 1993), the Court of Appeals for the Fourth Circuit sets forth the test to determine if ERISA governs a policy plan.  The Fourth Circuit has stated:

> [f]or ERISA to apply, there must be (1) a plan, fund or program, (2) established or maintained, (3) by an employer, employee organization, or both, (4) for the purpose of providing a benefit, (5) to employees or their beneficiaries.

*Custer*, 12 F.3d at 417 (citations omitted).  The Fourth Circuit further observed in *Custer* that "the establishment of a[n] [ERISA] plan may be accomplished through the purchase of insurance," *id.* (citing 29 U.S.C. § 1002(1)), and  that "[t]he existence of a[n] [ERISA] plan may be determined from the surrounding circumstances to the extent that a 'reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits.'"  *Id.*

3

(quoting *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982)).  But the Fourth Circuit also clarified:

> [T]he purchase of every insurance policy does not automatically establish a welfare benefit plan under ERISA. The Department of Labor has issued regulations stating that if the employer merely facilitates the purchase of a group insurance policy paid for entirely by the employees, the employer is not establishing a plan. There must be some payment and manifestation of intent by the employer or employee organization to provide a benefit to the employees or the employees' beneficiaries.
> . . . .

*Id.* at 417 (citations omitted).

These regulations that the Fourth Circuit referenced preclude certain group insurance programs from ERISA coverage if they meet four requirements:

> (1) No contributions are made by the employer or employee organization;
> (2) Participation in the program is completely voluntary for employees or members;
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j) (2010).  For ERISA to apply, "[t]here must be some payment and manifestation of intent by the employer or employee organization to provide a benefit to the employees or the employees' beneficiaries of the type described in 29 U.S.C. § 1002(1)." *Moore v. Life Ins. Co. of N. Am.*, 278 F. App'x 238, 239 (4th Cir. 2008).

Even as the Fourth Circuit has recognized the exceptions to ERISA coverage provided by these regulations, however, it also has maintained: "With few exceptions, ERISA applies to all employee benefit plans established or maintained by an employer engaged in commerce." *Moore v. Life Ins. Co. of North America*, 278 F. App'x 238, 239–40 (4th Cir. 2008) (citing 29 U.S.C.A. § 1003(a)(West 1999 & Supp. 2007)).

4

*B. ERISA Preemption of State Law Claims*

ERISA contains a specific preemption clause which states: "[e]xcept as provided in subsection (b) of this section, the provisions of [ERISA] shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan . . ." 29 U.S.C. § 1144(a) (2012). "A 'state law' includes 'all . . . decisions . . . of any State'. . . . Thus, in appropriate circumstances, state common law claims fall within the category of state laws subject to ERISA preemption." *Griggs v. E.I. DuPont de Nemours & Co.*, 237 F.3d 371, 378 (4th Cir. 2001) (quoting 29 U.S.C.A. § 1144(c)(1) (West 1999)). "A [state] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–98 (1983) (footnote omitted) (stating that Congress used the words "relate to" in their "broad sense"). In *Pilot Life Ins. Co. v. Dedeaux*, the United States Supreme Court agreed that ERISA is the "exclusive vehicle for actions by ERISA plan participants and beneficiaries, asserting improper processing of a claim for benefits . . . ." 481 U.S. 41, 52 (1987). Thus, "after Pilot Life, any contention that the state law claims here are not preempted by ERISA would be frivolous . . . ." *Maker v. Health Care Corp. of Mid Atlantic*, 872 F.2d 80, 82 (4th Cir. 1989).

The question of whether Plaintiff's state law causes of action are completely preempted is determined by inquiring into whether they 'fit within the scope of ERISA's § 502(a) civil enforcement provision, and as such, whether they [are] properly converted into federal claims.' *Sonoco Prod. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 371 (4th Cir. 2003) (quoting *Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181, 187 (4th Cir. 2002)). The Fourth Circuit has adopted the Court of Appeals for the Seventh Circuit's test for determining whether a

state claim is completely preempted by this ERISA § 502(a) provision. *Id.* at 372. This test sets forth three requirements to establish complete preemption:

> (1) the plaintiff must have standing under [ERISA] § 502(a) to pursue its claim; (2) its claim must fall[] within the scope of an ERISA provision that [it] can enforce via § 502(a); and (3) the claim must not be capable of resolution without an interpretation of the contract governed by federal law, *i.e.*, an ERISA-governed employee benefit plan.

*Id.* (citation and quotations omitted).

"ERISA includes expansive preemption provisions which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern." *See Aetna Health, Inc. v. Davila*, 542 U.S. 200, 208 (2004) (internal citations and quotations omitted); *see* 29 U.S.C. § 1144(a) (2012) (stating that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" that is covered by ERISA). "The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987). Therefore, as reiterated by the Supreme Court, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna*, 542 U.S. at 200–01.

### III. THE COURT'S REVIEW AND ANALYSIS

*A. Parties' Arguments*

Plaintiff alleges entitlement to recover group life insurance benefits under a group life insurance policy that Defendant Resource Residential established or maintained. (ECF No. 1-1 at

7–8). In their Motion, Defendants contend that ERISA governs the policy and further preempts Plaintiff's state law claims. (ECF No. 13-1 at 3–11.)

In Plaintiff's Answer to the Court's Specialized Case Management Interrogatories, (ECF No. 11), Plaintiff argued that his state law causes of action for bad faith, attorneys' fees, and negligence and recklessness survive ERISA preemption under *Unum Life Insurance Co. of America v. Ward*, 526 U.S. 358 (1999) because, as in that case, the state law causes of action here "regulate insurance" and therefore are excluded from preemption by the ERISA "savings clause" in 29 U.S.C. § 1144(b)(2)(A) (2012).[4] Without devoting more discussion to that argument in response to Defendants' Motion now before this court, (ECF No. 13), Plaintiff states that even if *Unum Life Insurance Co. of America* does not apply to withstand ERISA preemption, its state law claims still are preempted under *Kentucky Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 342 (2003). (ECF No. 16 at 9–10.) Plaintiff claims that this is because the state laws it argues Defendant has violated in this case 1) are directed toward entities engaged in insurance and 2) substantially affect the risk pooling arrangement between the insurer and the insured. (*Id.* (referencing *Nichols v. State Farm Mut. Auto. Ins. Co.*, 279 S.C. 336, 339 (1983).)

Also in response to Defendants' Motion here, Plaintiff claims that the policy is excluded from ERISA coverage under 29 C.F.R. § 2510.3-1(j)—and, therefore, no preemption exists—a) because the policy was voluntary for employees, b) because Defendant Resource Residential's "sole function . . . was to collect and remit premiums," c) because Defendant Resource Residential did not make any contribution, and d) because neither Defendant Resource Residential nor Plaintiff received compensation or [sic] their involvement." (ECF No. 16 at 5–6.) Plaintiff also alleges

---

[4] 29 U.S.C.§ 1144(b)(2)(A) states: "Except as provided in subparagraph (b), nothing in this title shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities."

7

that Defendants attempt to "deny the existence of a plan and also claim that the plan is preempted by ERISA." (*Id.* at 7.)

Finally, Plaintiff emphasizes his argument that ERISA does not preempt his state law claims—that is, bad faith failure to pay, negligence and recklessness, and liability for attorneys' fees—presumably because those claims involve "fraudulent act[s] in the procurement of an insurance policy." (*Id.* at 8–11 (citing *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1469 (4th Cir. 1996).) Plaintiff further states that ERISA does not preempt his negligence and recklessness claims because he is "claiming damages outside of the contract." (*Id.* at 12–13.)

### B. ERISA Coverage

Upon a review of the record, the court believes that the circumstances of this case clearly indicate that ERISA governs the policy in dispute here under 29 U.S.C. § 1003(a) and the Fourth Circuit's standard, as expressed in *Custer v. Pan American Life Ins. Co.*, 12 F.3d 410, 417–18 (4th Cir. 1993) (adopting the standard identified in *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982)). Specifically, the circumstances establish that a "plan, fund or program" existed because "a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." *Donovan*, 688 F.2d at 1373; *Tucci v. First Unum Life Ins. Co.*, 446 F. Supp. 2d 473 (D.S.C. 2006) (applying the *Custer* standard to a long term disability insurance plan).

These circumstances exist here. As Defendants describe:

> [T]he named insured of the [the policy] is "Resource America, Inc." the parent company of [Defendant] Resource Residential. The premium for employer coverage under the Plan is paid by the employer. The [policy] states that it "is delivered in and is governed by the laws of the governing jurisdiction and to the extent applicable by the Employee Retirement Income Security Act of 1974 (ERISA) and any amendments." The [policy] further grants Unum discretionary authority to make benefit determination and to interpret the terms of the [policy]. Additionally, the [policy] states that the group life plan is a welfare benefit plan,

8

> Resource America is the Plan Administrator and named fiduciary of the Plan and the plan is funded by the Unum group policy.

(ECF No. 13-1 (citing Ex. A (ECF No. 13-2)).) Moreover, the class of beneficiaries for the policy here includes employees working at least 30 hours per week, and the plan provides specific procedures for receiving benefits. (*Id.*) The policy also states that "[t]he *Employer* must send all premiums to UNUM on or before their respective due date." (*Id.* (emphasis in original.)).

Ultimately then, in light of the aforementioned, the court believes that more than enough evidence exists to conclude that a plan, established or maintained by Defendant Resource Residential for the purpose of providing a benefit to its employees, was established. Accordingly, ERISA applies to the policy here.

And despite Plaintiff's argument suggesting otherwise, (*see* ECF No. 16 at 5–6), the policy is not protected by the regulatory exceptions provided for in 29 C.F.R. § 2510.3-1(j), identified *supra*, such that ERISA does not govern it. First, this is because it does not appear that the "sole functions" of Defendant Resource Residential's policy plan were "to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer," and to do so without "endorsing" the plan. 29 C.F.R. § 2510.3-1(j) (2010). Indeed, the record suggests that Defendant Resource Residential endorsed the policy in a number of a ways. For example, Defendant Resource Residential negotiated terms of the policy, (*see* ECF No. 18-2 (Aff. of Eric Krohne, Ex. B)), that which has qualified as endorsing the policy. *See, e.g.*, *Casselman v. Am. Family Life Assurance Co.*, 143 F. App'x 507, 509 (4th Cir. 2005). Defendant Resource Residential also is the named insured of the policy and distributed material identifying the policy as its own—specifically, the "Resource America, Inc. Plan"—and further was designated as the "Plan Administrator" and named fiduciary of the policy. (ECF No. 13-2 (Ex. A).)

9

Second, it appears that Defendant Resource Residential did, in fact, make contributions to the insurance program here. *See* 29 C.F.R. § 2510.3-1(j). Specifically, Defendant Resource Residential provided group rate discounts for the policy only to participants of its insurance plan. (*See* ECF No. 18-2 (Ex. B)). Other circuits and district courts within the Fourth Circuit have suggested that these discounts constitute a subsidy and constructive contribution to the employee's premium payment, *see, e.g.*, *Glass v. United of Omaha Life Ins. Co.*, 33 F.3d 1341 (11th Cir. 1994); *Vazquez v. Paul Revere Life Ins. Co.*, 289 F. Supp. 2d 727 (E.D. Va. 2001), and this court agrees.

Thus, 29 C.F.R. § 2510.3-1(j) does not shield Plaintiff's claims from ERISA coverage here because he does not satisfy all of the regulatory conditions, as he is required to do so for these exceptions to apply. *See, e.g.*, *Hansen v. Continental Ins. Co.*, 940 F.2d 971 (5th Cir. 1991) ("Group insurance plans which meet each of these [29 C.F.R. § 2510.3-1(j)] criteria are excluded from ERISA coverage."); *Vazquez v. Paul Revere Life Ins. Co.*, 289 F. Supp. 2d 727 (E.D. Va. 2001).

C. *ERISA Preemption of State Law Claims*

Because, as discussed, *supra*, ERISA applies to the policy in dispute here, the court also must consider whether ERISA also preempts Plaintiff's state law claims.

First, as an initial matter, this court finds unavailing Plaintiff's argument that Defendant attempts to "deny the existence of a plan and also claim that the plan is preempted by ERISA." (*Id.* at 7.)[5]  Plaintiff argues that, according to the pleadings, Defendant Unum asserts that no policy

---

[5] Plaintiff specifically argues: "Unum denied Plaintiff's allegations in Paragraphs 5 - 9. Resource Residential admits in its Answer that it deducted money for premiums. (Answer of Resource Residential, ECF Entry 6). Thus, by its own admission, Unum denies the existence of a life insurance policy for the Plaintiff. Resource Residential admits to taking money from the Plaintiff, but has failed to produce a copy of the application signed by the Plaintiff." (ECF No. 16 at 7.)

10

exists; therefore, Plaintiff contends, Defendants are "judicially estopped from arguing contrary to the[se] pleadings." (*Id.*)

But Defendant Unum's Answer clearly alleges the existence of an ERISA group policy. (ECF No. 3 at 25.) Furthermore, it is reasonable to understand Defendant Unum's Answer as denying that the policy in dispute here represents an individual contract with Plaintiff, for example, not as admitting that there is no policy altogether. Lastly, because Defendant Unum has taken no inconsistent position in prior litigation, Plaintiff's argument that Defendants should be "judicially estopped" fails. *See Sedlack v. Braswell Services Group, Inc.*, 134 F.3d 219 (4th Cir. 1998) (explaining that judicial estoppel requires that 1) the party to be estopped assert a position inconsistent with that taken in prior litigation and that the position be one of fact rather than law or legal theory, 2) that the court accepted the prior inconsistent position, and 3) that the party to be estopped intentionally misled the court to gain an unfair advantage).

In determining whether ERISA preempts Plaintiff's state law claims, the primary consideration then before this court requires applying the test the Fourth Circuit has adopted for determining whether ERISA completely preempts a state law claim. *See Sonoco Prod. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 372 (4th Cir. 2003) (adopting the Court of Appeals for the Seventh Circuit's test for determining ERISA preemption); *see Tucci v. First Unum Life Ins. Co.*, 446 F. Supp. 2d 473 (D.S.C. 2006) (considering *Sonoco* in the context of a long term disability insurance plan). Again, the test sets forth three requirements to establish complete preemption:

> (1) the plaintiff must have standing under [ERISA] § 502(a) to pursue its claim; (2) its claim must fall[] within the scope of an ERISA provision that [it] can enforce via § 502(a); and (3) the claim must not be capable of resolution without an interpretation of the contract governed by federal law, i.e., an ERISA-governed employee benefit plan.

11

*Sonoco*, 338 F. 3d at 372.

First, parties entitled to pursue an ERISA claim under ERISA's § 502(a) are "participants," "fiduciaries," and "beneficiaries." *See* 29 U.S.C. § 1132(a)(3) (2012). ERISA defines a "participant" as "any employee . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). Plaintiff thus has standing under ERISA's § 502(a) to pursue her claim. *See Tucci v. First Unum Life Ins. Co.*, 446 F. Supp. 2d 473, 480 (D.S.C. 2006).

Second, Plaintiff's claims fall within the scope of an ERISA provision that he can enforce via ERISA's § 502. Section 502(a)(1)(B) allows a plaintiff to bring a claim "to recover benefits due to [her] under the terms of a plan." Here, Plaintiff seeks the payment of benefits that he alleges are due to him. This type of relief appears to fall within the type of remedies for which ERISA's § 502 provides. *See, e.g.*, *Singh v. Prudential Health Care Plan, Inc.*, 335 F.3d 278, 290–91 (4th Cir. 2003) (holding that health maintenance organization (HMO) member's claims that sought return of plan benefits fell within the scope of ERISA civil enforcement provision and were completely preempted); *see also Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181, 195 (4th Cir. 2002) ("[A]n action to enforce the terms of a contract, when that contract is an ERISA plan, is of necessity an alternative enforcement mechanism for ERISA § 502."); *Tucci v. First Unum Life Ins. Co.*, 446 F. Supp. 2d 473, 480–81 (D.S.C. 2006).

Finally, Plaintiff's claims cannot be resolved without an interpretation of the plan which he claims provides these benefits. *See, e.g.*, *Powell v. Chesapeake & Potomac Tel. Co.*, 780 F.2d 419, 422 (4th Cir. 1985) ("To the extent that ERISA redresses the mishandling of benefits claims or other maladministration of employee benefit plans, it preempts analogous causes of action [including contract and tort claims], whatever their form or label under state law."); *Tucci v. First*

*Unum Life Ins. Co.*, 446 F. Supp. 2d 473, 481 (D.S.C. 2006).  Accordingly, Plaintiff's state law claims are completely preempted by ERISA.

Moreover, Plaintiff's state law causes of action, even if one could find that they "regulate insurance," do not survive ERISA preemption under *Unum Life Insurance Co. of America v. Ward*, 526 U.S. 358 (1999).  *See Aetna Health Inc. v. Davila, Aetna health Inc.*, 542 U.S. 200, 208 (2004) ("Under ordinary principles of conflict pre-emption . . . even a state law that can arguably be characterized as 'regulating insurance' will be preempted if it provides a separate vehicle to assert a claim for benefits outside of, or in addition to, ERISA's remedial scheme.").  And neither are Plaintiff's claims saved from ERISA preemption under *Kentucky Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 342 (2003).  This is because this court is not persuaded by Plaintiff's argument that from a "common sense view," the laws from which his state causes of action spring regulate insurance and substantially affect risk pooling.  (*See* ECF No. 16 at 9–11.)

This court does not agree that Plaintiff's negligence cause of action nor his bad faith cause of action is directed specifically towards entities engaged in insurance.  With regard to the bad faith claim in particular, *all* contracts—not just those pertaining to insurance—in South Carolina contain an implied covenant of good faith and fair dealing, the breach of which can give rise to a common law cause of action.  *Adams v. G.J. Creel & Sons*, 465 S.E.2d 84, 85 (S.C. 1995).  Finally, this court does not find persuasive Plaintiff's argument that his causes of action, because they "tell [insurers and insureds] what bargains are acceptable," (ECF No.16 at 11), "substantially" affect the risk pooling arrangement between the insurer and insured.  *Kentucky Ass'n of Health Plans, Inc.*, 538 U.S. at 342.  This is in significant part due to the fact that the laws on which Plaintiff rely do not, *ab initio*, instruct insurers and insureds what bargains are acceptable; they are, instead, remedial in nature.  *See, e.g.*, *Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 331 n. 7 (5th Cir.

2008).  As to Plaintiff's reliance on *Nichols v. State Farm Mut. Auto. Ins. Co.*, 279 S.C. 336, 339 (S.C. 1983) for conclusions otherwise, the South Carolina Supreme Court also has clarified:

> Although the bad faith refusal to pay insurance benefits discussed in *Nichols* certainly impacts the insurance industry, we find that the expansive scope of ERISA preempts state common law and tort bad faith actions when they are asserted against an employee benefit plan.

*Duncan v. Provident Mutual Life Ins. Co.*, 427 S.E. 2d 657 (S.C. 1993).

Because all of Plaintiff's causes of action seek benefits—not insurance—under the plan, this court furthermore does not accept Plaintiff's argument that ERISA preemption is not appropriate here because some of the state law claims involve "fraudulent act[s] in the procurement of an insurance policy." (ECF No. 16 at 8.).  Because Plaintiff's allegation of negligence and recklessness all concern the "investigation and handling of the Plaintiff's claim" for benefits, (ECF No. 1-1 at 11–12.), neither does this court accept Plaintiff's argument that ERISA does not preempt its negligence and recklessness claims because, as Plaintiff argues, (*see* ECF No. 16 at 12–13), he is "claiming damages outside of the contract." *See Pilot Life v. Dedeaux*, 489 U.S. 41, 52 (1987) (stating that ERISA is the "exclusive vehicle for actions by ERISA plan participants and beneficiaries, asserting improper processing of a claim for benefits"); *see also, e.g.*, *Griggs v. E.I. Dupont de Nemours & Co.*, 237 F.3d 371, 378 (4th Cir. 2001) ("[G]enerally speaking, the Employee Retirement Income Security Act preempts state common law claims of fraudulent or negligent misrepresentation when the false representations concern the existence or extent of benefits under an employee benefit plan.")

In sum, this court concludes that ERISA governs Plaintiff's claims here and furthermore preempts them.  Removal therefore was proper.[6]

---

[6] The United States Supreme Court has stated that Congress "so completely pre-empts a particular area that any civil complaint raising this select group of claims is necessarily *federal* in character"

*D. Jury Trial*

Apart from Defendants' arguments and Plaintiff's counterarguments concerning ERISA coverage and preemption, Plaintiff also argues that he has the right to a jury trial because he brings an action for breach of contract that seeks money damages—an "action at law triable before a jury under South Carolina law." (ECF No. 16 at 11–12 (citing S.C. Const. art. I, § 14).) Plaintiff relies on a single South Carolina District Court opinion, *Vaughn v. Owen Steel Co., Inc.*, 871 F. Supp. 247 (D.S.C. 1994), to support its proposition that the United States Supreme Court has "impliedly" recast some ERISA claims as ones appropriate for a jury trial. (ECF No. 16 at 11–12.)

But, as Defendants rightly counter, (*see* ECF No. 18 at 11–12), Fourth Circuit precedent since *Vaughn* has explicitly held that jury trials are not available under ERISA. *See, e.g.*, *Phelps v. C.T. Enterprises, Inc.*, 394 F.3d 213, 222 (4th Cir. 2005) ('[P]roceedings to determine rights under employee benefit plans are equitable in character and thus a matter for a judge, not a jury.') (quoting *Berry v. Ciba-Geigy*, 761 F.2d 1003 (4th Cir. 1985)); *Biggers v. Wittek Indus., Inc.*, 4 F.3d 291, 298 (4th Cir. 1993); *see also, e.g.*, *Cherepinsky v. Sears Roebuck & Co.*, 455 F. Supp. 2d 470, 474 (D.S.C. 2006) (explaining that "a review of Fourth Circuit case law reveals a theoretical maze of interpretations wherein courts have taken many different approaches," but concluding "that it is still good law in the Fourth Circuit that ERISA actions are equitable in nature and are for the Court to decide rather than the jury"). Thus, this court follows the Fourth Circuit's instruction and joins its fellow district courts in denying Plaintiff's request for a jury in this matter.

---

and further concluded that the doctrine of complete preemption "converts an ordinary state common law complaint into one stating a *federal* claim." *Metropolitan Life Ins. Co. v. Traylor*, 481 U.S. 58, 63–65 (1987) (emphasis added). This court further finds that the case is still properly in federal court by virtue of diversity jurisdiction.

*See, e.g.*, *Cherepinsky v. Sears Roebuck and Co.*, 455 F. Supp. 2d 470, 476 (D.S.C. 2006); *Ellis v. Metropolitan Life Ins. Co.*, 919 F. Supp. 936, 938 (E.D. Va. 1996).

## IV.     CONCLUSION

In sum, this court finds that ERISA governs Plaintiff's causes of action, that ERISA preempts Plaintiff's causes of action, and that removal to federal court was proper. Defendants' Motion (ECF No. 13) therefore is **GRANTED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 16, 2016
Columbia, South Carolina